

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

The Honorable Curtis L. Owen
Criminal District Attorney
Smith County
403 Smith County Courthouse
Tyler, Texas 75701

Opinion No. H-731

Re: Salary of the Judge of the
Court of Domestic Relations of
Smith County.

Dear Mr. Owen:

You have requested our opinion regarding the salary of the Judge of the Court of Domestic Relations of Smith County. Specifically, you ask whether article 3912k, section 1, V. T. C. S., has repealed article 2338-8, section 5, V. T. C.S.., and, if it has not done so, whether the salary which section 5 authorizes to be paid to the Judge of the Court of Domestic Relations should include a sum equal to the supplements paid by Smith County to its District Judges as members of the Juvenile Board.

Article 2338-8, section 5 requires that the Judge of the Court of Domestic Relations of Smith County be paid "the same salary paid to the District Judge by the State of Texas. " Article 3912k, section 1 provides:

> Except as otherwise provided by this Act and
> subject to the limitations of this Act, the
> commissioners court of each county shall fix
> the amount of compensation, office expense,
> travel expense, and all other allowances for
> county and precinct officials and employees
> who are paid wholly from county funds, but in
> no event shall such salaries be set lower than
> they exist at the effective date of this Act.

Article 3912k, section 8 repeals any "local, special, or general law" which "prescribes the compensation. . .for any official or employee covered by this Act. " Thus, if article 3912k, section 1 is applicable to the Judge of the Court of Domestic Relations of Smith County, article 2338-8, section 5 has necessarily been repealed.

In our opinion, however, article 3912k, section 1 is not applicable to the Judge of the Court of Domestic Relations of Smith County because he is not a "county [or] precinct official." In the first place, the jurisdiction of the Court of Domestic Relations of Smith County is "concurrent with the District Courts in Smith County" in certain subject matters. V. T. C. S. art. 2338-8, § 2(a). In addition the Judge of the Court of Domestic Relations is to be paid "the same salary paid to the District Judge by the State of Texas." V. T. C. S. art. 2338-8, § 5. Furthermore, article 6.05c of the Texas Election Code, in grouping various offices for purposes of their appearance on the general election ballot, lists "Judge, Domestic Relations Court" under the category of "District Offices." Finally, this office held in Attorney General Opinion M-1125 (1972) that the Judge of the Court of Domestic Relations for Midland County is neither a county officer nor a precinct official for purposes of article 3912k. It is therefore our opinion that, since the Judge of the Court of Domestic Relations of Smith County is not a county or precinct official, his salary is not affected by the provisions of article 3912k, section 1 and therefore, that statute did not repeal article 2338-8, section 5.

Your second question inquires whether the salary authorized by article 2338-8, section 5 should equal the total salary paid to the Smith County District Judge, including supplemental payments made by Smith County to its District Judges as compensation for their membership on the Juvenile Board. In Attorney General Opinion C-491 (1965), this office considered this question as it applied to the salary of the Judge of the Court of Domestic Relations for Midland County. The Midland County statute, article 2338-20, section 6, V. T. C. S. , however, required that the Judge of the Court of Domestic Relations "be paid a salary which shall be equal to the total salary paid to the District Judge of the 142d Judicial District of Midland County." (emphasis added). Attorney General Opinion C-491 held that the phrase "total salary" includes both the salary fixed by the General Appropriations Act and paid by the State, and also the additional amount paid by the County for service on the Juvenile Board. Article 2338-8, section 5 does not, however, employ the phrase "total salary." Indeed, it specifically requires payment to the Judge of the Court of Domestic Relations of "the same salary paid to the District Judge by the State of Texas." We believe that the meaning of this directive is clear and unambiguous. Accordingly, it is our opinion that the salary authorized by article 2338-5, section 5 does not include an amount equal to the supplements paid by Smith County to its District Judges as members of the Juvenile Board. The Commissioners Court of Smith County must pay the Judge of its Court of Domestic Relations the same salary paid to its District Judge by the State of Texas.

## SUMMARY

Article 3912k, section 1, V. T. C. S., does not repeal article 2338-8, section 5, V. T. C. S. The salary of the Judge of the Court of Domestic Relations of Smith County is equal to that portion of the salary of the District Judge of Smith County which is paid by the State of Texas.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jad: